FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORNA G.,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>  Defendant. | No. 1:20-cv-03154-SMJ<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 16, 18. Attorney Cory J. Brandt represents Lorna G. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER – 1

filed by the parties, the Court grants Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Social Security Disability Insurance and Disabled Widow's Benefits on September 12, 2017. Tr. 161-62. She alleged disability since January 1, 2011, Tr. 310, due to chronic depression, nerve pain in her legs and back, obesity, osteoarthritis in the left knee, spine disorder, and bulging disc. Tr. 364. The applications were denied initially and upon reconsideration. Tr. 197-204, 207-13, 215-28. Administrative Law Judge (ALJ) M.J. Adams held a hearing on March 3, 2020. Tr. 96-135. At this hearing, Plaintiff amended her onset date to January 1, 2017. Tr. 99. The ALJ issued an unfavorable decision on March 12, 2020. Tr. 15-27. The Appeals Council denied the request for review on July 30, 2020. Tr. 1-5. The ALJ's March 12, 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 25, 2020. ECF No. 1.

//

//

//

ORDER – 2

## STATEMENT OF FACTS

Plaintiff was 57 years old at her amended date of onset. Tr. 310. Plaintiff went to school through the ninth grade, completed her GED, and completed one year of college. Tr. 103-04, 365. Plaintiff also had a real estate license and an insurance license. Tr. 365. Her reported work history includes the positions of caregiver, insurance agent, real estate agent, rental assistant agent, waitress, and uber driver. Tr. 366, 389, 423. At application, she reported she was still working in real estate. Tr. 364-66. From February of 2019 through October of 2019, Plaintiff worked at Skateland doing "management duties." Tr. 104.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S.

ORDER – 3

389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs

ORDER – 4

that exist in the national economy.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 12, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 15-27.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity from February 2019 to October 2019.  Tr. 18.  However, there had been a continuous period of more than twelve months during which Plaintiff did not engage in substantial gainful activity.  Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease; fibromyalgia; bilateral knee and hip osteoarthritis status post replacement of right knee; right knee patellar bursitis; sleep apnea; obesity; left-ankle degenerative joint disease.  Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity and found she could perform light work with the following limitations:

ORDER – 5

    she can balance frequently; she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; and she must avoid concentrated exposure to extreme cold, to vibration, to pulmonary irritants (such as fumes, odors, dust, gases, or poor ventilation), and to hazards such as moving machinery and unprotected heights.

Tr. 21.

At step four, the ALJ identified Plaintiff's past relevant work as a home attendant and as an insurance agent. Tr. 26. He found that Plaintiff could perform her past relevant work as a home attendant, as performed, and as an insurance agent. Tr. 26-27.

Based on the step four determination, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 1, 2017 through the date of the decision. Tr. 27.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) improperly finding Plaintiff's mental health impairments not severe at step two, (2) improperly rejecting Plaintiff's symptom statements, and (3) improperly finding Plaintiff capable of past relevant work at step four.

ORDER – 6

# DISCUSSION

## 1.  Step Two

Plaintiff challenges the ALJ's step two finding that Plaintiff's mental health impairments were not severe. ECF No. 16 at 11-13.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The ALJ found that Plaintiff's severe impairments included degenerative disc disease, fibromyalgia, bilateral knee and hip osteoarthritis status post replacement of right knee, right knee patellar bursitis, sleep apnea, obesity, and left-ankle degenerative joint disease. Tr. 18. The ALJ addressed Plaintiff's mental health impairments, stating that "the claimant's medically determinable mental impairments, considered singly [sic] and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activity, and they are therefore non-severe." *Id*. The ALJ found that Plaintiff "had generally normal mental status findings." *Id*. He then attributed any evidence supporting a finding of severe mental health impairments to "situational stressors and difficult circumstances" finding that the impairments had "little objective impact on her

mental functioning." Tr. 19-20. However, "because mental health conditions may presumably *cause* strained personal relations or other life stressors, the Court is not inclined to opine that one has caused the other based only on the fact that they occur simultaneously." *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-742-SI, 2018 WL 3090200, at *7 (D. Or. June 20, 2018) (emphasis in original).

Plaintiff provided mental evidence that she had an impairment from the beginning of the amended onset date that interfered with her mental functioning. *See* Tr. 660-61 (a January 2017 Patient Health Questionnaire (PHQ-9) score of 20 interpreted as severe depression). Treatment records in 2018 through 2020 demonstrate Plaintiff sought help with difficult functioning due to her mental health impairments. Tr. 1289 (Plaintiff is "finding it 'difficult to function'" and "seems to have very low emotional reserves and reports feeling very warn out."); Tr. 1301 (Plaintiff reports struggling to function at home, including sadness, lack of interest, lack of motivation, and sleeping during the day). While there is evidence that her symptoms improved when she returned to work in 2019, Tr. 1309 (treatment notes from March of 2019 state that "[s]he reports taking a job and is 'very busy', feeling like this is exactly what she needs"), this improvement was short-lived and working appeared to exacerbate her symptoms after some time, Tr. 1317 (treatment notes from May of 2019 show that her jobs is stressful). By July of 2019, she reported that her depression and anxiety had progressed and she was emotionally

ORDER – 8

overwhelmed quickly. Tr. 1325. By August of 2019, mental health treatment focused on "the impact of her trauma history on her ability to work; the 'trigger' that stressful environments are and the debilitating impact it has on her functioning in a work setting." Tr. 1333. Therefore, the ALJ's determination that Plaintiff's mental health impairments had no functional impact is not supported in the record. Plaintiff included sufficient evidence to meet her burden at step two. *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the claimant bears the burden of establishing a prima facie case of disability.).

Defendant argues that any error at step two would be harmless because the step two determination was found in Plaintiff's favor. ECF No. 18 at 4. However, by finding Plaintiff's mental health impairments nonsevere at step two, the ALJ failed to address mental health impairments throughout the remaining steps of the sequential evaluation process. As such, this amounts to harmful error. Most harmful is how this changed the characterization of her return to work in 2019. Plaintiff returned to work for a family friend from February through October of 2019. Tr. 105. The ALJ found this work activity to be inconsistent with Plaintiff's symptom statements: "She did not indicate that she left because her physical condition interfered with her work." Tr. 25. However, as discussed above, it was Plaintiff's mental health limitations that interfered with this work. Plaintiff's physical limitations were accommodated by the employer. Tr. 117-18 (Plaintiff worked

ORDER – 9

three-hour shirts three to four times a week); Tr. 476 (Plaintiff was allowed more rest periods than other works). Had Plaintiff's mental health impairments been properly considered at step two, the difficulties she experienced when she returned to work in 2019 would have supported her allegations of mental health impairments.

**2.  Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 15-18.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The ALJ then addressed the medical evidence and Plaintiff's return to work

ORDER – 10

and specifically found they were inconsistent with her allegations. Tr. 22-25.

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were not consistent with the medical evidence, is not specific, clear and convincing. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole reason for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."). Here, the other reason provided by the ALJ was not legally sufficient. *See infra*. Therefore, this reason alone cannot support the ALJ's determination.

The ALJ's second reason for rejecting Plaintiff's symptom statements, that her allegations were inconsistent with her return to work, is not specific, clear and convincing. The ALJ found that Plaintiff "alleges continuing disability and has not requested a closed period, the claimant returned to work at a level of substantial

ORDER – 11

gainful activity in February 2019 (see Finding #4 above)." Tr. 25.[2] In finding four, the ALJ found that "the evidence does not support finding that the claimant was paid more than the value of her work or that she was only able to perform her work with accommodations from the employer," and "the claimant provided no evidence from the employer as to special accommodations." Tr. 18. However, Plaintiff alleged accommodations in her Work Activity Report, stating that she took more rest periods than other workers. Tr. 476. The ALJ failed to address these accommodations. Additionally, she alleged that she only worked three-hour shifts three to four times a week. Tr. 117-18. While she earned enough to meet the substantial gainful activity threshold, this limited work schedule is not consistent with the Commissioner's definition of work when forming the residual functional capacity determination: "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." S.S.R. 96-8p. Therefore, the ALJ's determination that this return to work was "not consistent with her allegations of extreme limitation and

---

[2] The ALJ also found this work did not qualify as an Unsuccessful Work Attempt under 20 C.F.R. § 404.1594. Tr. 25. However, since the employment only lasted nine months and began 12 months after Plaintiff's amended onset date, the employment may qualify as a Trial Work Period under 20 C.F.R. § 404.1592. This will need be addressed on remand.

ORDER – 12

indicates greater abilities than she has alleged as to sitting, standing, and walking throughout a normal workday," Tr. 25, is not supported in the record.

Furthermore, Plaintiff left because of her mental health impairments:

> I was not able to maintain [work] schedule due to increase in depression [and] anxiety. I had to call in sick more [and] more and employer became increasingly upset by this. I also [had] a great deal of pain when standing [and] wasn't able to wear closed toes shoes. The employer said I could not wear open toe shoes, but it was to[o] painful on my toes to wear shoes. My back constantly hurt – I had an extremely difficult time focus on my j[ob] [and] often made mistakes or forgot to do something.

Tr. 479. These mental health impairments were not properly addressed at step two. *See supra*.

Both parties address Plaintiff's improvement with treatment as a third reason the ALJ rejected Plaintiff's symptom statements. ECF Nos. 16 at 16, 18 at 11. However, the ALJ failed to specifically make this finding. The ALJ discusses improvement with treatment when summarizing the medical evidence, Tr. 24, but he failed to find that Plaintiff's symptom statements were undermined by these improvements. While there is some argument that the Court could infer this reason from the ALJ's decision, without a specific statement as to how this reason undermined Plaintiff's symptom statements, it falls short of the required specific, clear and convincing standard. The Ninth Circuit has held that "[t]his is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir.

ORDER – 13

2014) *citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).

3. **Step Four**

Plaintiff challenges the ALJ's step four determination for failing to conform with S.S.R. 82-62, failing to accurately identify Plaintiff's past relevant work as performed, and basing the determination on an incomplete hypothetical. ECF No. 16 at 17-20. Here, the case is being remanded for the ALJ to address Plaintiff's mental health impairments at step two and readdress Plaintiff's symptom statements. Therefore, he shall make a new residual functional capacity determination and a new step four determinations.

**REMEDY**

Plaintiff asks the Court to remand this case for an immediate award of benefits. ECF Nos. 16 at 20. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule the Court remands for an award of benefits when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the

ORDER – 14

claimant disabled on remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Remand is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court will remand this case for additional proceedings because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. The ALJ will need to address Plaintiff's mental health impairments at step two. Considering most the evidence of mental health treatment had been associated with the record after the opinions of the DDS reviewing psychologists, the ALJ will call a psychological expert to testify at a remand hearing. Additionally, the ALJ will readdress Plaintiff's symptom statements, make a new residual functional capacity determination, and make a new step four determination on remand. To assist with the step four determination, the ALJ will take the testimony of a vocational expert regarding Plaintiff's past relevant work as actually performed and as generally performed and present the vocational expert with an accurate hypothetical. Furthermore, the ALJ will make a proper step four determination under S.S.R. 82-62.

//

ORDER – 15

//

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED** and the matter is **REMANDED** for additional proceedings consistent with this order.

3. Plaintiff may file an application for attorney fees by no later than **30 days** from the date of this order.

4. The Clerk's Office is director to enter **JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of July 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER – 16